MEINHARD BROTHERS & COMPANY vs. MULLIN.

1. If there were any errors in the charges of the court excepted to, they were not adverse to the claimant or beneficial to her adversaries.
2. Under the evidence submitted in this case, a verdict might have

*See *Harris vs. Central Railroad*, 76 *Ga.* 501. (Rep.)

been rendered in favor of either the plaintiffs or the claimant; and this being so, there was no abuse of discretion in granting a new trial.

March 21, 1888,

Charge of court. New trial. Before Judge KIBBEE. Dodge superior court. February term, 1887.

Reported in the decision.

ROBERTS & SMITH and C. C. SMITH, for plaintiffs in error.

DeLACY & BISHOP and J. H. LUMPKIN, *contra*.

BLANDFORD, Justice.

This was a claim case. Meinhard Bros. & Co. obtained a judgment against James Mullin, upon which execution issued and was levied upon certain property; to which property a claim was interposed by Mrs. Eliza J. Mullin, the wife of the defendant in execution. The property was found subject to the execution; and the claimant moved for a new trial, upon numerous grounds, alleging as error certain charges of the court, and that the verdict was contrary to law and to the evidence. The court granted a new trial, generally, upon that motion; whereupon the plaintiffs in execution excepted.

We have looked through the charges of the court excepted to, and if there is any error in these charges, it is error in favor of the claimant, and not error which gave any benefit to the plaintiffs in execution.

The plaintiffs in error insist that the testimony demanded the verdict rendered by the jury that the property was subject. We do not think so. It is a very close case, under the evidence submitted, and in our opinion, a verdict might have been rendered either way; and this being so, there was no abuse of discretion by the court in granting a new trial.

Judgment affirmed.